

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CR. NO. H-17 CR 450 |
| RUIYANG LI | § | |
| a/k/a "Li Ruiyang" | § | |
| a/k/a "Li" | § | |
| a/k/a "Lee" | § | |
| a/k/a "Zhang" | § | |
| a/k/a "Timo" | § | |
| a/k/a "Timobes" | § | |
| a/k/a "Tim" | § | |
| a/k/a "Bob," | § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
(Conspiracy to Traffic in Counterfeit Goods)

#### A. INTRODUCTION

At all times material to this Superseding Indictment:

1. Ruiyang Li, a defendant herein, owned and operated—among other companies and entities— Timo Ltd., Timo International Trading Limited, Foxtrot, Inc., Glory Plus International Ltd., Herbal Valley Corporation, and Veg Valley. Li operated these companies and entities from Beijing, China, where he resided.

2. Scott Allen Thomas, owned and operated All Computer Parts (ACP) in Magnolia, Texas.

3. Hewlett-Packard Company (HP) was an American global technology company headquartered in Pal Alto, California with a significant presence in Tomball, Texas.

1

4. Cisco Systems, Inc. (Cisco) was an American multinational technology and consulting firm with headquarters in San Jose, California.

5. Intel Corporation was an American multinational corporation and technology company headquartered in Santa Clara, California.

6. HP owns U.S. Trademark Registration Number 1,842,724 for the logo: **(hp)**; U.S. Trademark Registration Number 1,840,215 for a word mark bearing the letters "HP"; and U.S. Trademark Registration Number 2,296,865 for the "ProCurve" word mark.

7. Cisco owns U.S. Trademark Registration Number 3,759,451 for its word mark and bridge logo **cisco**, in addition to U.S. Trademark Registration Number 2,498,746 for the "Cisco" word mark.

8. Intel owns U.S. Trademark Registration Number 3,690,667 for the Intel logo: **(intel)** and U.S. Trademark Registration Number 2,446,693 for the "Intel" word mark.

## B. THE CONSPIRACY AND ITS OBJECTS

9. From on or about June of 2007 until on or about July 6, 2017, in the Houston Division of Southern District of Texas and elsewhere,

### RUIYANG LI

defendants herein, did intentionally, unlawfully, and knowingly conspiring with others, known and unknown, in the trafficking of computer networking hardware and memory from Hong Kong and China into the Southern District of Texas and elsewhere, and knowingly using counterfeit marks—namely, counterfeit Cisco, HP, and Intel marks—on or in connection with such goods and services, all in violation of 18 U.S.C. § 2320(a)(1).

2

10. The defendant and his coconspirators enriched themselves by importing, supplying, and distributing counterfeit computer networking and memory equipment in the Southern District of Texas and elsewhere.

## C. MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

11. Thomas would and did knowingly purchase counterfeit computer products for sale through ACP from his contacts, which included LI, in China, Hong Kong, and other locations in Asia. LI often received payment through PayPal or wire transfer.

12. Thomas would and did maintain a website offering HP, Cisco, and other companies' computer products.

13. Thomas would and did sell computer products from his store in Magnolia, Texas, online through his website, and through other online computer marketplaces. THOMAS often received payment through PayPal.

14. From May of 2008 until April of 2014 United States Customs and Border Protection (CBP) seized a total of 12 shipments from Hong Kong or China that were intended for Thomas. These shipments contained counterfeit computer products that purported to be the work of HP and Cisco, among others.

15. After Thomas received official notifications that his shipments had been seized by CBP, Thomas and LI would often communicate via email and American Online (AOL) Instant Messenger to devise ways to evade future detection and/or seizure by CBP.

16. Over the course of the conspiracy, Thomas knew of LI as "Zhang." Thomas and LI communicated via cell phone to discuss, among other things, trafficking in counterfeit computer networking and memory equipment. Thomas and LI would also discuss ways to grow their business within the United States.

3

17. Thomas acted as a supplier in the Southern District of Texas and elsewhere. On March 27, May 23, and December 11, 2013, agents of the Department of Homeland Security/Homeland Security Investigations (HSI) made undercover purchases of computer networking and memory equipment from Thomas. All of the products purchased in those transactions were determined by industry representatives to be counterfeit and infringe on one or more trademarks that are registered with the United States Patent and Trademark Office.

18. Thomas and LI concealed their trafficking in counterfeit computer networking and memory equipment by, among other things, mislabeling packages, breaking up shipments into separate components, altering destination addresses, and using forwarding companies based in the United States. Thomas and LI were on notice that that trafficking in counterfeit computer networking and memory equipment was wrong because of, among other things, official notices from CBP, communications from customers, and purchasing products at greatly diminished prices.

19. Since at least April 2007, LI acted as a supplier of computer networking and memory equipment to Thomas and others, using email, instant-messaging platforms, and his cellular telephone to arrange, manage, and execute the trafficking of counterfeit items. LI used multiple aliases in these communications, including "Lee," "Li," "Zhang," "Tim," "Timo," "Bob," and "Timobes." In these communication platforms and others, LI received numerous warnings that the products he supplied were not legitimate computer networking and memory equipment.

20. LI continued to act as a supplier for Thomas up and until at least June 2017. On February 14, March 9, April 14, and June 12, 2017, an HSI agent acting in an undercover capacity made purchases of computer networking and memory equipment, all

4

of which were sent to the Southern District of Texas, as described in Counts 2–5 of this Indictment. These products were determined by industry representatives to be counterfeit and infringe on one or more trademarks that are registered with the United States Patent and Trademark Office.

### D. OVERT ACTS

21. In furtherance of the conspiracy, and to affect the objects thereof, LI performed and caused to be performed, among others, the overt acts listed in Counts 2–5 of this Indictment, hereby re-alleged and incorporated as if fully set forth in this Count.

(All in violation of Title 18, United States Code 2320(a)(1).)

### COUNTS 2 THROUGH 5
(Trafficking in Counterfeit Goods

### A. INTRODUCTION

22. The Grand Jury re-alleges paragraphs 1–21 of Count 1 of this Indictment and incorporates them as if fully set forth in Counts 2–5.

### B. THE SCHEME AND ARTIFICE

23. From on or about June of 2016 until in or about June 2017, in the Houston Division of Southern District of Texas and elsewhere,

### RUIYANG LI

defendant herein, aided and abetted by others known and unknown to the grand jury, did knowingly traffic in goods that he knew contained a counterfeit mark, as more fully set forth in the counts below.

### C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

24. Among the unlawful and dishonest means by which the defendants sought to accomplish and did accomplish the purpose of the scheme were the acts set forth in paragraphs

5

11–21 of Count 1 of this Indictment, are re-alleged and incorporated as if fully set forth in these Counts.

## D. EXECUTION OF THE SCHEME AND ARTIFICE

25. On or about the following dates, LI executed this scheme by intentionally selling counterfeit computer products, knowing that the products contained a counterfeit mark, as described in the counts below:

| COUNT | DATE | AMOUNT OF SALE/MSRP | DESCRIPTION OF PURPORTED PRODUCT SOLD |
|---|---|---|---|
| TWO | February 14, 2017 | $980/$11,500 | 10 Cisco GLC-SX-MMD transceivers; 20 HP J4858C transceivers |
| THREE | March 9, 2017 | $1,200/$18,430 | 5 Cisco GLC-LH-SM transceivers; 5 Cisco GLC-LH-SMD transceivers; 10 Cisco GLC-FE-100FX transceivers; 10 HP J4859C transceivers; 10 Intel E10GSFPSR transceivers |
| FOUR | April 14, 2017 | $1,530/$41,800 | 10 Cisco GLC-SX-MMD transceivers; 30 Cisco GLC-LH-SMD transceivers; 10 HP J4859C transceivers |
| FIVE | June 12, 2017 | $875/$8,125 | 25 HP J4858C transceivers |

(In violation of Title 18, United States Code, Sections 2320 and 2.)

## COUNT SIX
(Smuggling; Aiding and Abetting)

26. The allegations in Paragraphs 1 through 21 are re-alleged and incorporated herein by reference in their entirety.

27. On or about February 14, 2017, in the Southern District of Texas and elsewhere,

**RUIYANG LI**

fraudulently and knowingly did conceal and facilitate the transportation of merchandise imported contrary to law—that is, approximately 30 HP transceivers—after the importation

thereof, the defendant, then knowing that said merchandise had been imported contrary to law, in that he was trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 545 & 2.

## COUNT SEVEN
(Smuggling; Aiding and Abetting)

28. The allegations in Paragraphs 1 through 21 are re-alleged and incorporated herein by reference in their entirety.

29. On or about March 9, 2017, in the Southern District of Texas and elsewhere,

**RUIYANG LI**

fraudulently and knowingly did conceal and facilitate the transportation of merchandise imported contrary to law—that is, approximately 20 Cisco, 10 Intel, and 10 HP transceivers—after the importation thereof, the defendant, then knowing that said merchandise had been imported contrary to law, in that he was trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 545 & 2.

## COUNT EIGHT
(Smuggling; Aiding and Abetting)

30. The allegations in Paragraphs 1 through 21 are re-alleged and incorporated herein by reference in their entirety.

31. On or about the April 14, 2017, in the Southern District of Texas and elsewhere,

**RUIYANG LI**

willfully and knowingly import into the United States merchandise—that is, approximately 65 Cisco and 20 HP transceivers—contrary to law, in that the defendant was trafficking in counterfeit goods, knowing that the importation of such merchandise was contrary to law, all in violation of Title 18, United States Code, §§ 545 & 2.

## COUNT NINE
(Smuggling; Aiding and Abetting)

32. The allegations in Paragraphs 1 through 21 are re-alleged and incorporated herein by reference in their entirety.

33. On or about June 12, 2017, in the Southern District of Texas and elsewhere,

## RUIYANG LI

fraudulently and knowingly did conceal and facilitate the transportation of merchandise imported contrary to law—that is, approximately 25 HP transceivers —after the importation thereof, the defendant, then knowing that said merchandise had been imported contrary to law, in that he was trafficking in counterfeit goods, in violation of 18 U.S.C. §§ 545 & 2.

## Notice of Criminal Forfeiture

Pursuant to Title 18, United States Code, Section 2323(a) and (b), the United States gives notice to the defendant,

## RUIYANG LI

That upon his conviction for a violation of Title 18, United States Code, Section 2320, the United States intends to seek forfeiture of any article, the making or trafficking of which is prohibited by that section; any property used, intended to be used, in any manner or part to commit or facilitate the commission of such offense; and all property constituting or derived from proceeds obtained directly as a result of such offense.

## Money Judgment

The defendant is notified that upon conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of the defendants:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code, Section 853(p) incorporated by reference in Title 18, United States Code, Section 2320(b)(2)(A) and Title 28, United States Code, Section 2461(c).

TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

ABE MARTINEZ
Acting United States Attorney

By: _____
JAY HILEMAN
Assistant United States Attorney

_____
TIMOTHY C. FLOWERS
Trial Attorney