IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                              Cr. No. H-17-450

RUIYANG LI

**OPPOSED MOTION TO REMEDY BREACH OF PLEA AGREEMENT**

The defendant, RUIYANG LI, through his attorney, the Federal Public Defender, files this opposed motion to remedy a breach of the plea agreement:

I.

Mr. Li was charged in a multi-count indictment with conspiracy to traffic in counterfeit goods, in violation of 18 U.S.C. § 2320(a)(1); 4 counts of trafficking in counterfeit goods, in violation of 18 U.S.C. § 2320; and 4 counts of smuggling merchandise imported in violation of law, in violation of 18 U.S.C. § 545.  Pursuant to a written agreement with the government, he pleaded guilty to Count 2, which charged him with trafficking in counterfeit goods.  The government agreed, among other things, to dismiss the remaining charges at sentencing.

II.

As part of the plea agreement, the government and the defense agreed to a

statement of facts that specified that Mr. Li "trafficked in counterfeit computer-networking equipment worth at least $3,500,000, *but not more than* $9,500,000." (Emphasis added). The government also agreed to recommend an offense level of 25 (assuming full credit for acceptance of responsibility) and a sentence at the low end of an advisory Guideline range of 57-71 months. See Plea agreement, ¶ 10.

### III.

The probation officer relied on an initial estimate by the case agent of the infringement amount of over $10 million but the government and the defense explained that this original estimate could not be relied upon given the fact that the government did not actually know the amount of sales or the multiplier used. Two of the victims, the ones with the most loss, offered an infringement amount of less than $ 3 million, and, like the parties, an estimate of MSRP of less than $9.5 million.

The court reset sentencing to further analyze the loss amount. In direct contravention of the agreement, the probation officer reports that the case agent believed that a multiplier of 5 was a "reasonable and conservative estimate." As an agent of the government, the case agent is bound by the plea agreement and an estimate of more than $9.5 million is in contravention of the agreement. See United States v. Shanahan, 574 F.2d 1228, 1231 (5th Cir. 1978).

## IV.

"If a defendant pleads guilty as part of a plea agreement, the [g]overnment must strictly adhere to the terms and conditions of its promises in the agreement." United States v. Muñoz, 408 F.3d 222, 226 (5th Cir. 2005). "It is well settled that 'when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.'" United States. v. Saling, 205 F.3d 764, 766 (5th Cir. 2000)(quoting Santobello v. New York, 404 U.S. 257, 262 (1971)). In evaluating whether there has been a breach, the court "appl[ies] general principles of contract law, construing the terms strictly against the government as drafter, to determine 'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'" United States v. Hebron, 684 F.3d 554, 558 (5th Cir. 2012) (quoting United States v. Elashyi, 554 F.3d 480, 501 (5th Cir. 2008) (citations and internal quotation marks omitted)).

Hebron is particularly instructive in this regard. As it did in this case, the government agreed to recommend a particular loss amount for purposes of determining the sentencing guidelines. 684 F.3d at 557. In Hebron, the

government endorsed the higher estimate by the probation department. Id.[1] Significantly, this is not a simple factual determination of the loss. The parties negotiated the loss determination based on a recognition that any calculation was by its nature imprecise. Accordingly, the parties recognized that the readily provable infringement amount was less than $9.5 million. The government has broken its promise if it provides an inconsistent loss calculation.

Nor does it matter that the sentence imposed was to be at the sole discretion of the judge. Mr. Li is entitled to have the court exercise its discretion in a proceeding where the government has honored its agreement. See Saling, 205 F.3d at 765.

## V.

When the government breaches a plea agreement, the defendant has the right to elect one of two remedies: 1) he is entitled to specific performance, which requires the government to agree that the provable infringement amount is less than $9.5 million and that he to be sentenced before a different judge; or 2) the defendant can withdraw his guilty plea and plead anew. See Saling, 205 F.3d at 768 (citation omitted). Mr. Li requests specific performance of his agreement before a different

---

[1] The defendant failed to object to the breach in the district court. The Fifth Circuit determined that there had been a clear breach but declined to reverse on plain-error review. Hebron, 684 F.3d at 558-60.

judge.

For these reasons, the defendant, Ruiyang Li, respectfully requests specific performance of the plea agreement before a different judge.

Respectfully submitted,

 s/ Marjorie A. Meyers
MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750
Attorney for Defendant
440 Louisiana Street, Suite 1350
Houston, Texas 77002-1056
    Telephone:  713.718.4600
    Facsimile:   713.718.4610

**CERTIFICATE OF CONFERENCE**

I, Marjorie A. Meyers, certify that on February 11, 2019, I consulted with Assistant United States Attorney Jay Hileman, who indicated that the government opposes this Motion to Remedy a Breach of a Plea Agreement.

 s/ Marjorie A. Meyers
MARJORIE A. MEYERS

**CERTIFICATE OF SERVICE**

I, Marjorie A. Meyers, certify that on February 12, 2019, a copy of the Opposed Motion to Remedy Breach of a Plea Agreement was served by Notification of Electronic Filing on Assistant United States Attorney Jay Hileman.

 s/ Marjorie A. Meyers
MARJORIE A. MEYERS
